Strum, J.,
 

 In an original proceeding in this Court instituted on October 28, 1930, relator seeks a writ of mandamus commanding the County Commissioners of Volusia County to print the name of the relator upon the official ballot to be used in the General Election to be held on November 4, 1930, as the nominee of the Eepublican Party for the office of member of the Board of Public Instruction for District Number Three of Volusia County.
 

 The facts pertinent to this controversy are that the Eepublican Party held a primary election pursuant to law in June, 1930, in which primary there was no candidate
 
 *1114
 
 for nomination to the office aforesaid. Relator now seeks to become the party nominee by virtue of the subsequent action of the Republican Executive Committee on September 15, 1930, purporting to designate her the party nominee pursuant to Section 14 of Chapter 13761, Acts of 1929, to fill a supposed “vacancy in nomination” as contemplated by that statute.
 

 Relator contends that a “vacancy in nomination” within the meaning of that statute occurs when a political party had no candidate for nomination in the party primary, and for that reason made no nomination, as is the case here.
 

 Respondents contend that there can be no “vacancy in a nomination” as contemplated by that statute unless a nominee- has been selected in the primary who has since become incapacitated or disqualified. For that reason respondents refuse to print relator’s name upon the general election ballot notwithstanding the action of the Republican Executive Committee designating relator the Republican party nominee for said office, and the certification of such nomination to the Board of County Commissioners.
 

 Section 356, Comp. Gen. Laws of Florida, as amended by Section 1 of Chapter 13761, Acts of 1929, provides:
 

 “Any political party which, in either of the two general elections next preceding a primary, polled more than 30% of the entire vote cast in the State for its candidates for presidential electors, or any other officer voted for throughout the State, is hereby declared to be a political party within the meaning of this Article, and shall nominate its candidates for all elective offices to be voted for in the next ensuing general election, under the provisions of this Article,
 
 and not otherwise.”
 

 
 *1115
 
 Other sections of the Article provide for the holding of primary elections, the certification of the persons selected thereat as nominees of the several political parties, and the printing upon the ensuing general election ballot of the names of those so chosen as party nominees for the several offices involved.
 

 Until Chapter 13761 was passed in 1929, no definite method was provided by which a political party embraced within the definition and requirements of Section 356, Comp. Gen. Laws, 1927, as amended, could supply a party nominee for a general election, when the nominee chosen in the preceding primary died, removed his residence, became insane, or otherwise lost his status as such nominee prior to the,general election at which he would have been the party candidate. (Political parties not falling within the statutory definition aforesaid may, of course, designate nominees by other means.)
 

 Section 14 of said Chapter 13761 was designed to remedy the deficiency just mentioned by providing a method by which a substituted party nominee could be supplied when the primary nominee was no longer available. In part, that section provides:
 

 “In the event of death, resignation or removal of any person nominated for office in a primary election, between such primary election and the ensuing general election, or if for any cause there is a vacancy in any nomination, and no method is otherwise provided herein for filling such vacancy, then and in that event the procedure shall be the same as is hereinbefore provided for the nomination of candidates in case no candidate receives a majority of the votes cast in the primary election and all such nominations shall have the same force and effect and shall entitle the nomi
 
 *1116
 
 nees to all the rights and privileges that would accrue to them as if they had been nominated in the regular primary election.”
 

 Relator relies upon that clause of the statute just quoted which provides ‘ ‘ or if for ‘ any cause ’ there is a vacancy in any nomination” such nomination may be filled as in cases where no candidate receives a majority vote in which event the executive committee of the party designates the nominee.
 

 It is admitted by the relator that the Republican Party is a “political party” within the meaning of See. 356, Comp. Gen. Laws, 1927, as amended by Chapter 13761,
 
 supra,
 
 and therefore within the mandatory requirements of the Article relating to primary elections.
 

 The first requirement of the
 
 primary
 
 law is that all political parties, as defined by the statute, shall nominate candidates for all elective offices under the provisions of that law. “and not otherwise”. This requirement is mandatory upon all parties which fall within its terms.
 

 If this Court'should adopt the construction of Sec. 14 of Chap. 13761 contended for by relator, the effect would be to provide optional methods of selecting party nominees. There would then be at least two methods
 
 under the primary law
 
 of making original selections of party nominees, first by popular vote of the party at a primary election; second by the designation of such nominee by the party executive committee when the party elects to hold no primary or when no candidate for nomination offers himself in the primary. Under relator’s construction, the failure of any political party to make party nominations by a primary election would create .“vacancies” as to all nominations, which might then be filled by the party executive committee and the object of the mandatory primary election law could thus be readily defeated. The
 
 *1117
 
 holding of primary elections 'would- become an idle act, since those political parties which did not choose to hold such elections might nevertheless designate party nominees.
 

 The general purpose of the Legislature in enacting mandatory primary laws was to preclude the making of nominations by convention, party committees and the like, and to require that the people themselves, by their direct votes, should name party nominees. The only vacancies contemplated by Sec. 14 of Chap. 13761,
 
 supra,
 
 to be filled by executive committees, are such as may occur after the people themselves have made nominations, and vacancies therein have oecured by death, resignation, or other incapacity. Which might perhaps include forfeiture to be determined by resolution of the proper executive committee on proper and sufficient cause shown.
 

 The statutory provision now before us should not be interpreted so as to allow a political party to ignore the mandatory requirement to nominate candidates by primaries, and to substitute some other method of selecting original party nominees.
 

 It should be noticed that the statute first enumerates certain specific causes or disqualification or incapacity of the primary nominee, as by “death, resignation or removal” of the person “nominated” (past tense) for office in a primary election. Then follows the phrase.relied upon by relator “or if for any cause there is a vacancy in any nomination.” In construing the latter language, the doctrine of
 
 ejusdem generis
 
 applies. Where an enumeration of specific things is followed by a general word or phrase, the latter is construed as referring to things of the same kind or species as those specifically enumerated. Children’s Bootery v. Sutker, 91 Fla. 60, 107 So. R. 345. Thus the phrase “or if for any cause there is a vacancy in any nomination.” interpreted according to the doctrine
 
 *1118
 
 just stated, means vacancies which, may occur through the death, removal, resignation or other incapacity or disqualification of a person theretofore nominated for such office in the primary election, as for instance by insanity, conviction of felony, etc.
 

 A “vacancy in nomination” is to be distinguished from a failure or omission to nominate at the primaries. There can be no “vacancy in a nomination” until there has first been a nomination. When no nomination has been made, there may be a vacacy on the party ticket for the general election, but there is no vacancy “in any nomination” for there has been no nomination. The statute does not provide that “if for any cause there is a failure or omission by any political party to designate a nominee in the primary” that then the executive committee may designate a nominee. If such had been the legislative intent it would have been very easy to so provide. AP apt illustration of such a statute is found in Missouri, where an act adopted in 1909 provided: “Vacancies occurring after the holding of any primary, ‘or where no person shall offer himself as a candidate before such primary,’ shall be filled by the party committee * * That provision was held broad enough to permit' the party committee to fill vacancies upon their party ticket. State v. Kortjohn, 150 So. W. R. 1060. But that statute differs materially from our statute. Nor, as suggested
 
 arguendo
 
 in Corser v. Scott, 91 N. W. R. 1101, does our statute provide that the executive committee may name a nominee when “for any cause there has been no nomination.” The language of our statute is that' the executive committee may designate the nominee when “for any cause there is a vacancy in any nomination,” not “when there has been
 
 no
 
 nomination,” nor “where no person shall offer himself as a candidate in the primary.”
 

 
 *1119
 
 We must construe the statutory language as we find it. Doing so, we hold that the phrase found in Sec. 14 of Chap. 13761,
 
 supra,
 
 “or if for any cause there is a vacancy in any nomination, ’ ’ does not authorize a party executive to make an original nomination. The authority of the party executive committee to nominate under that statute is contingent upon a prior primary nomination followed by a vacancy in that nomination. Where, as here, a primary has been held in which there were no candidates for nomination for the office in question, the condition of the statute has not been fulfilled, and the executive committee •is without authority to act under the statute in quesion. No “vacancy in any nomination” has occurred here. The situation is that there has been no nomination. See Corser v. Scott, 91 N. W. R. 1101; Healey v. Wipf, 117 N. W. R. 521; Stewart v. Polley, 137 N. W. R. 565; State ex rel., Pratt v. Haywood, 119 N. W. R. 620, and notes to State ex rel., Curyea v. Wells, (138 N. W. R. 165), 41 L. R. A. (N. S.) 1088; 9 R. C. L. 1089.
 

 Our conclusion as to the meaning of See. 14 of Chap. 13761,
 
 supt'a,
 
 is fortified by a consideration of Sec. 312, Comp. Gen. Laws 1927, a part of the
 
 general election
 
 law, which provides for the contingency with which relator is confronted. That Section, in part, provides:
 

 “ * * * Any qualified elector who has not participated, as a voter or candidate, in the affairs of a political party furnishing a nominee, as aforesaid, during its last convention or primary election, shall be entitled to have his or her name printed on said ballots for any office, upon request for him or her to be a candidate, by written petition signed, * * * ; in case of a county or municipal officer, by at least twenty-five qualified electors within such county or munici
 
 *1120
 
 pality, which electors shall be qualified to vote in the ensuing general election to be held. * * .”
 

 Relator is a qualified elector in the Republican Party. That party furnished no nominee for the office in question at the June, 1930, primary. Upon the petition, therefore, of twenty-five qualified electors she may have her name printed on the general election ballot by authority of the statute last quoted.
 

 Petition denied.
 

 Terrell, C. J., and Whitfield, Brown and Buford, J. J., concur.