145 So. 477

### BLACKWELL v. HAWKINS, Judge.
### 6 Div. 256.

Supreme Court of Alabama.
Nov. 5, 1932.

Rehearing Denied Jan. 27, 1933.

Alta L. King, of Birmingham, for appellant.

150

Jim Davis, of Birmingham, for appellee.

THOMAS, J.

For the purpose of deciding this case on its merits, we have pretermitted a determination of the propriety of the remedy pursued, as was done in J. D. Carlisle v. C. D. Comstock, as Chairman, etc. (Ala. Sup.) 144 So. 809.[1] That decision declared the Act of 1927, page 670, extending the term of the office of constables "for a period of two years," etc., unconstitutional and void. Thus was decided adversely to petitioner the first question presented by the instant appeal.

The failure of the attempted extension of the term of constable for two years, made desirable to the Democratic Party in said county and precinct to present its candidate to the electorate to participate in the general election on November 8, 1932, to select an incumbent to begin the new term—after the expiration of the present term. There being no party nominee for such position, it is averred in the pleading before us that said C. D. Comstock, as chairman of the Democratic Executive Committee of Jefferson County, acting under a resolution of the party's committee passed before October 18, 1932, which had for its purpose to authorize and undertook to authorize the said chairman to certify, as candidates for the office in question, and other offices, the names of "those desirous of becoming candidates" and "wherever a vacancy occurred in such offices," to supply the same under the statute and within the party's rules.

It is further alleged that: "Without warrant or authority of law [C. D. Comstock, as Chairman, etc., illegally declared L. C. Bolton, as the nominee of the Democratic Party for the office of Constable of Precinct 57 in Jefferson County, Alabama, to be voted on in the general election to be held in said county November 8, 1932. Complainant avers that on October 18th, 1932, the said C. D. Comstock as Chairman of the Jefferson County Democratic Executive Committee, undertook to certify to and file with the Judge of Probate of Jefferson County, Alabama, attested by D. C. Ball, as Secretary of said Jefferson County Democratic Executive Committee, along with various other candidates certified to as the nominees of said party for county offices, the name of L. C. Bolton, as the nominee of the Democratic Party of Jefferson County, Alabama, for the office of Constable for Precinct 57, Jefferson County, Alabama." From these averments, and it is the insistence in argument thereon, that no such authority was expressed or necessarily implied in the averred resolution of the committee and under the statutes of the state that have application.

The decision in the case of J. D. Carlisle v. C. D. Comstock, as Chairman of the Democratic Executive Committee, etc. (Ala. Sup.) 144 So. 809,[1] is decisive of the question first presented and argued by petitioner, that the term of office was extended for two years, and, therefore, there is no impending vacancy in office to be filled by that electorate at the general election to be held on November 8, 1932.

■ Every person is presumed to know the law and this has application to the constitutionality vel non of the act purporting to extend the term of office of petitioner.

The statute here pertinent is: "* * * the County Executive Committee in cases where the office to be filled is a County office, but subject to the approval of and in accordance with the method prescribed by the State Executive Committee, where a vacancy may occur in any nomination, either by death, resignation, revocation, or otherwise, or in case of any special election, shall have the power and authority to fill such vacancy, either by action of the Committee itself, or by such other method as such Committee may see fit to pursue." General Acts 1931, page 88, § 34.

■■ We are of opinion that the action of the chairman of the Jefferson County Democratic Executive Committee, in the certification of the name of said L. C. Bolton, as nominee for constable, was within the law and statute and that of his party; and that there is no authority of law for Eugene H. Hawkins, as probate judge of Jefferson county, to strike or reject the name of the said L. C. Bolton as nominee of the Democratic Party in Jefferson county, Ala., for the office of constable in precinct 57 of said county. It was the duty of the probate judge to have printed the official ballot to be provided and used by the qualified electorate so desiring to vote and cast a ballot in the general election to be held in Jefferson county on November 8, 1932 (General Acts 1931, pp. 75, 80, 88, §§ 8, 17, 34); and the judge of probate was within the law and the discharge of his official duty when he "failed or refused to comply with said demand" of petitioner. Code, § 463.

The writ was properly denied, and the judgment of the circuit court dismissing the petition at the cost of petitioner is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

---

[1] 225 Ala. 645.

[1] 225 Ala. 645