302 So.2d 111

**Ronnie FOSTER**

v.

**Robert L. DICKINSON and State Democratic Executive Committee of Alabama.**

**S.C. 978.**

Supreme Court of Alabama.

Oct. 15, 1974.

Edward S. Allen, Birmingham, Gaines & Hereford, Talladega, and Michael H. Cleckler, Childersburg, for appellant.

Max Pope, Birmingham, for appellees.

FAULKNER, Justice.

This is an appeal from a final judgment of the Circuit Court of St. Clair County enjoining the Probate Judge of such county from including the name of Ronnie Foster on the November, 1974, general election ballot as the Republican nominee for Alabama House of Representatives, District 56.

On January 26, 1974, the Alabama Republican Executive Committee adopted a resolution electing to accept and come under the primary election laws of the State of Alabama. The resolution set March 1, 1974, as the last day for persons to file declarations of candidacy in the primary. No person, including Foster, filed a declaration of candidacy in the Republican primary for the House of Representatives (House District 56) as required by § 348,

Title 17, Code of Alabama, 1940, Recompiled 1958.

On September 5, 1974, the Republican Executive Committee filed Foster's name with the Secretary of State as the Republican nominee for the office of House District 56. This certification was made pursuant to the January 26, 1974, Resolution, which set the last date for filing declarations of candidacy in the primary, and also appointed a committee having certain authority and powers:

"(d) to fill vacancies in any nomination for any public or party office with regard to the primary or other election and the general election where such vacancy exists for any reason whatsoever, including but not being limited to, a vacancy existing by reason of death, resignation, disqualification, failure of any person to have filed for nomination for a particular office, failure of any person to have been nominated for a particular office or failure of any person to have been elected to a particular office."

On September 12, 1974, Dickinson filed a complaint to enjoin the Probate Judge of St. Clair County from placing Foster's name on the ballot for the general election.

The only issue to be decided is whether the failure of any person to qualify by March 1, 1974, as a Republican primary candidate for House District 56, resulted in a vacancy in the Republican nomination for such office within the meaning of § 371, Title 17, Code of Alabama. Section 371, Title 17, provides in part as follows:

"The state executive committee . . . where a vacancy may occur in any nomination, either by death, resignation, revocation, *or otherwise* . . . shall have the power and authority to fill such vacancy . . . by such . . . method as such committee may see fit to pursue." (Emphasis added.)

█ Foster relies on the cause of the vacancy contained in that part of the statute which says, "or otherwise." The words, "or otherwise" in law when used as a general phrase following an enumeration of particulars are commonly interpreted in a restricted sense as referring to such other matters as are kindred to the classes before mentioned, receiving ejusdem generis interpretation. Cf. Goode v. Tyler, 237 Ala. 106, 186 So. 129 (1939); State v. Tyler, 100 Fla. 1112, 130 So. 721 (1930). In *Goode* the court said the general words "or otherwise" will be construed as applicable only "to persons or things of the same general nature or class as those enumerated." Foster cites Blackwell v. Hawkins, 226 Ala. 149, 145 So. 477 (1932) as authority for his position that the Republican Executive Committee was correct when the Committee nominated him and certified his name to the Secretary of State. In *Blackwell* a statute had extended the term of the county office holder, a constable who was a Democrat, for a period of two years. At the time of the primary in 1932, the constable was the incumbent who assumed that his term of office had two years remaining, and there was no legal reason for him to qualify in the primary election. The court, in October, 1932, just before the general election in November, 1932, declared the statute extending the term of the constable, to be unconstitutional. After the court's decision the County Executive Committee nominated and certified a person other than Blackwell as the nominee of the Democratic party for that office in the November general election. The action of the County Committee was upheld under a statute similar to § 371.

The vacancy in nomination in *Blackwell* was created by the court's declaring the extension statute unconstitutional. The court said,

"The failure of the attempted extension of the term of constable for two years, made desirable to the Democratic Party in said county and precinct to present its candidate to the electorate to participate in the general election on November 8, 1932, to select an incumbent to

begin the new term—after the expiration of the present term."

It is clear that in *Blackwell* the "vacancy in nomination" did not arise because of neglect, omission, or intentionally ignoring the primary opportunity.

Under the doctrine ejusdem generis the phrase "or otherwise" cannot be construed to include the failure to nominate in the primary election when it is evident there is no legal impediment present to preclude the party from offering a candidate in the primary.

The trial court was correct in enjoining the Probate Judge from including Foster's name on the ballot for the 1974 general election.

Affirmed.

HEFLIN, C. J., and MERRILL, HAR-WOOD and MADDOX, JJ., concur.