PER CURIAM.
Plaintiff, W. A. (Willie) Williams, is seeking, by mandamus, to compel the Fourth Public Service Commission District Democratic Executive Committee to certify him as a candidate for Public Service Commissioner from that district. He also asks that Hon. Wade O. Martin, Jr., Secretary of State of Louisiana, be enjoined from printing the official ballot for the November 1, 1975, primary election without including plaintiff’s name thereon as a candidate for the said office. After trial on the merits, judgment was rendered dismissing plaintiff’s suit, and he has appealed.
LSA-R.S. 18:392 provides, in part, as follows:
“ * * * Every candidate for nomination as * * * member of the public service commission * * * shall file written notification and declaration of candidacy, as provided in this Part, with the chairman of the appropriate committee * *
LSA-R.S. 18:397 provides, in part:
“Whenever provision is made in this Part for the filing of any notice, deposit, or any other paper with any party committee or party officer, it shall be filed with the chairman of the proper committee. If the chairman is not available, absents himself, cannot be found or for any reason refuses to accept the paper or deposit, it may be filed with the secretary. * * * ”
On the morning of August 7, 1975, plaintiff set out to qualify as a Democratic candidate for Commissioner from the Fourth Public Service Commission District. The deadline for qualifying was 5:00 o’clock p. m. on that day. From information which plaintiff states that he garnered from a Baton Rouge newspaper, he was of the opinion that he had to qualify before Arthur Watson, Chairman of the Democratic State Central Committee, and that Mr. Watson would be in Baton Rouge on that day. He, therefore, drove from his home in Many, Sabine Parish, Louisiana, to Baton Rouge.
After his arrival in Baton Rouge, he made a number of inquiries and finally learned that he should qualify before Edwin O. Ware, III, Chairman of the Fourth Public Service Commission Democratic Executive Committee. He attempted to contact Mr. Ware at his office in Alexandria, Louisiana, and learned that Mr. Ware was not available. Mr. Ware’s office referred plaintiff to Lloyd G. Teekell, who was Secretary of the Committee. At about 4:00 o’clock p. m., one of the employees of the Secretary of State spoke to Mr. Teek-ell and found that he was available in his office in Alexandria, Louisiana.
Mr. Teekell said that he did not think it would work, but for whatever it was worth, he would appoint the Secretary of State’s office or any of his employees, as *325 his agent to receive plaintiff’s qualifying papers and his deposit. Plaintiff then delivered his papers and the money to Gloria Crowson, an employee of the Secretary of State, prior to the 5:00 o’clock p.m. deadline. Mrs. Crowson sent the material to Mr. Teekell by mail. It was, of course, received by him after the deadline for qualifying.
On August 8, 1975, Mr. Ware wrote plaintiff that, because his qualifying papers were not filed in accordance with law, he was unable to certify plaintiff as a candidate for Public Service Commissioner. This suit followed.
In disposing of the case adversely to plaintiff, the trial judge found that although the Chairman of the Committee was not available, the Secretary was available in his office in Alexandria. He further held that the law does not authorize either the Chairman or the Secretary to appoint another person to receive qualifying papers, and that plaintiff was required to place his papers in the hands of the appropriate committee officer prior to the deadline. We affirm.
Plaintiff, in oral argument before this Court, states that Lloyd G. Teekell, Secretary of the District Executive Committee, had the authority to appoint an agent to accept service of the nomination papers for him. Our examination of the statute (LSA-R.S. 18:397) reveals that no such authority is contained therein. The procedure outlined clearly requires that nomination papers shall be filed with the Chairman, and in the event of his unavailability, then with the Secretary of the Election Committee. The evidence shows that the Chairman of the Committee was unavailable and that the Secretary of the Committee was available. Accordingly, the statute required that plaintiff file his nomination papers with him personally and not with some agent appointed by him.
Plaintiff’s final argument is that he relied to his detriment on the Secretary’s appointment of an agent to accept his nomination papers. This argument is without merit. There is no showing in the record as to what other alternatives were available to plaintiff in order to timely qualify, and his reliance on the validity of the Secretary’s appointment of an agent is unwarranted. It was stipulated that the Secretary in connection with this purported appointment stated to plaintiff:
“ * * * [T]his probably would not work, but for whatever it was worth he would appoint the Secretary of State, or any of his employees, as agent for him to receive the papers and his money.”
(Record, p. 26)
Thus, it can be seen that the defendant committee did not do anything upon which the plaintiff could rely, to his own detriment.
“A plea of estoppel carries the general implication the pleader has been induced by the conduct or action of another to do something or follow some course he would hot otherwise have pursued and which, in addition, resulted in some detriment or loss. State ex rel. Richardson v. Board of Trustees, Teachers’ Retirement System et al., La.App., 29 So.2d 489.”
(Levy v. Bonfouca Hunting Club, 136 So.2d 567, 572, [La.App. 1st Cir. 1961])
For the above reasons, the judgment of the trial court is affirmed, at plaintiff’s costs.
Affirmed.