The facts are simple and undisputed.
Thomas J. Hayden filed his declaration of candidacy with the Republican Party on July 8, 1982, for Associate Justice, Place 2, Alabama Supreme Court. Several days after the statutory deadline of 5:00 p.m. on July 9, 1982, at Hayden's request, this declaration was somehow changed to show that he declared his candidacy for Associate Justice, Place 3, Alabama Supreme Court.
Hayden is not a candidate for Place 2, because (1) his declaration was changed to Place 3, and (2) he was not certified as a candidate for Place 2 by the Republican Party as required by § 17-7-1, Ala. Code 1975. Hayden does not contend that he is a candidate for Place 2. He does contend that he is a candidate for Place 3. In this he is in error.
Hayden is not a candidate for Place 3, because his declaration of candidacy was not filed with the Republican Party before the statutory deadline, which was 5:00 p.m., July 9, 1982.
The following statutes are controlling and compel this result:
Ala. Code 1975, § 17-16-11 (a), provides:
 "All candidates for nomination to public office . . . shall file their declaration of candidacy with the state party chairman . . . not later than 5:00 P.M. 60 days before the date of such primary." (July 9, 1982)
This statute is mandatory and political parties have no power to alter the time fixed by the legislature. This Court so held in Foster v. Dickinson, 293 Ala. 298, 302 So.2d 111 (1974), but the appellants concede that they did not call this case to the attention of the trial court. *Page 493 
Section 17-16-21 provides:
 "Whenever and wherever candidates for two or more state offices of the same classification are to be nominated in said primary, each of said places to be filled shall be numbered, and each candidate for such offices, in the announcement of his candidacy, shall designate the number of the office for which he is a candidate. The same person shall not be a candidate or be permitted to file his declaration for more than one of such places. No ballot shall be counted for any candidate except for the place and number for which he announced in his declaration filed with the legally constituted authorities to receive and file declaration of candidacy." (Emphasis added.)
The appellants Bostwick and Bolin, as representative registered voters, electors, and taxpayers, adherents of the Alabama Republican Party and Alabama Democratic Party, respectively, properly raised these issues in the trial court by their complaint for declaratory and injunctive relief to prevent the Secretary of State from certifying the name of Hayden as a candidate for the Alabama Supreme Court, Associate Justice, Place 3. By an amended complaint, these appellants sought a declaratory judgment or, in the alternative, a writ of mandamus, and injunctive relief directed to the Secretary of State to prevent him from certifying, or ordering him to withdraw or rescind his certification of, the name of Hayden as candidate for Place 3; and directed to all probate judges in the state (represented by appellee O.H. Florence, as probate judge of Jefferson County, as their class representative) to prevent the probate judges from preparing or causing to be printed the ballot with the name of Hayden as candidate for Place 3, and to cause the proper ballots to be prepared without Hayden's name printed thereon.
The court denied the relief sought, and this appeal followed. In denying plaintiffs relief, the trial court concluded that it was without jurisdiction to adjudicate the issues presented. We disagree. "Where matters pertaining to nomination are regulated by statute, questions of compliance with a statute and infringement of legal rights conferred are judicial; and the courts are not ousted of jurisdiction or bound by the decisions of party authorities with regard thereto." Kinney v. House,243 Ala. 393, 395, 10 So.2d 167 (1942). This is not an election contest case, but is a case involving statutory interpretation relating to the timeliness of Hayden's declaration of candidacy for Alabama Supreme Court, Place 3. That the courts are empowered, upon appropriate invocation of their jurisdiction, to adjudicate this cause is a settled issue.
For the reasons heretofore stated, the judgment appealed from is reversed, and judgment is hereby rendered as follows:
 (1) That the Honorable Don Siegelman, in his capacity as Secretary of State, rescind or withdraw any certification which allows the name of Thomas J. Hayden to be placed on the ballot for the general election for 1982 as the nominee of the Alabama Republican Party for the office of Alabama Supreme Court, Associate Justice, Place 3, and that the Honorable Don Siegelman, in his capacity as Secretary of State, be, and he is hereby, permanently enjoined from certifying the name of Thomas J. Hayden as the nominee of the Alabama Republican Party for the office of Alabama Supreme Court, Associate Justice, Place 3;
 (2) That the Honorable O.H. Florence, in his capacity as Judge of Probate of Jefferson County, Alabama, and all Probate Judges of the State of Alabama, who are represented in this action as a class by O.H. Florence, Judge of Probate of Jefferson County, Alabama, (a) be permanently enjoined from printing or placing on the ballot for the general election for 1982 the name of Thomas J. Hayden as the nominee of the Alabama Republican Party for the office of Alabama Supreme Court, Associate Justice, Place 3; (b) cause the proper ballot labels to be placed on the voting machines without the name of *Page 494 
Thomas J. Hayden as the nominee of the Alabama Republican Party for the office of Alabama Supreme Court, Associate Justice, Place 3; and (c) be enjoined from permitting votes to be cast for Thomas J. Hayden for the office of Supreme Court, Associate Justice, Place 3, in the November 2, 1982, general election and to lock all voting machines or remove the name of Thomas J. Hayden from the ballot or refuse to tally and count the votes cast for Hayden in said general election in the event the ballot is printed to contain his name.
REVERSED AND RENDERED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur. *Page 1239