This expedited appeal presents, in the words of Appellants, the issue "whether that part of Code 1975, § 17-16-11 (a), which provides that all candidates for nomination to public office file their declaration of candidacy with the State Party Chairman is directory so that the State Party Chairman can legally, pursuant to § 17-16-11 (a), designate a third-party as his agent or designee to receive the declaration of candidacy from a person seeking nomination to public office." In the factual context of the instant case, we answer the inquiry in the negative and affirm the judgment below.
Because the trial court's "Opinion and Order" contains a statement of the pleadings, findings of fact, and conclusions of law, as well as the rationale for its judgment adverse to the Appellants, we quote the entire order:
"This is an action seeking a Declaratory Judgment, injunction, mandamus, prohibition and other appropriate relief. The Plaintiffs, who sue as registered voters, citizens and taxpayers of Mobile County, Alabama, seek to prevent the name of Cecil B. King from being certified or printed on the ballot as a Republican candidate for the Judgeship of the District Court of Alabama, Mobile County, Place No. 1. The Defendants are William D. Harris, in his capacities as Chairman of the Alabama Republican Executive Committee and as Chairman of the Candidate Committee of the Alabama Republican Executive Committee; Don Siegelman, as Secretary of State of the State of Alabama; L.W. Noonan, *Page 878 
as Probate Judge of Mobile County, Alabama, and Cecil B. King, who is the individual seeking to be the Republican candidate for such Judgeship. The Defendants, Don Siegelman and Judge L.W. Noonan, take no position in the case and state in substance that they await directives from the Court.
 "FINDINGS OF FACT
"The following factual background gives rise to this case:
"July 6, 1984, was the deadline for candidates to file their declarations of candidacy with the State Party Chairman pursuant to § 17-16-11, Code of Alabama, 1975. On this date at 3:45 P.M., Joseph D. Thetford filed qualifying papers in Mobile County in the Office of William Stoudenmire, who was the Chairman of the Mobile County Republican Committee and a member of the State Republican Committee.
"In his answer filed with this Court the Defendant, William D. Harris, asserts that Mr. Stoudenmire's legal secretary, Bettie Croley, was the `designee of Harris'. Mr. Harris testified at trial that he did, in fact, designate Bettie Croley in Mr. Stoudenmire's office to accept the qualifying papers of Joseph D. Thetford at her office in Mobile, Alabama. Marty Conners, the State Executive Director, testified that both he and Mr. Harris specifically designated Bettie Croley to accept the qualifying papers from Thetford. The papers are, in fact, stamped `Received — July 6, 1984 — 3:45 P.M. — Bettie Croley'.
"Subsequently, on July 24, 1984, Joseph D. Thetford wrote Harris advising that he desired to withdraw his name from consideration for District Court Judge Place No. 1 and asked that his letter serve as his resignation as a candidate. Thereafter, on August 31, 1984, Cecil King signed qualifying papers for this District Court Judgeship position. Thereafter, on or about September 6, 1984, Cecil B. King filed such qualifying papers with the State Republican Executive Committee for this District Court judgeship.
"The Republican Party wishes to certify Cecil B. King as the Republican nominee under the provisions of § 17-16-41, which provides as follows:
 "`. . . where a vacancy may occur in any nomination, either by death, resignation, revocation or otherwise, or in case of any special election, [the State Executive Committee] shall have the power and authority to fill such vacancy, either by action of the committee itself or by such other method as such committee may see fit to pursue.'
"In order for Cecil B. King to be certified there must, of course, have been a vacancy. The determination of the existence of a vacancy turns on whether Joseph D. Thetford legally qualified within the purview of § 17-16-11, supra. The Republican Party contends that Thetford did properly qualify by filing the papers with Bettie Croley, as the designee of Harris. The Plaintiffs assert that the filing with Mrs. Croley failed to comply with the mandatory requirements of the statute.
"Counsel for both the Plaintiffs and the Republican Party Defendants present persuasive policy considerations in support of their respective position. The Plaintiffs assert that if a State Party Chairman could designate other persons to accept qualifying papers in his behalf, persons could be qualifying all over the State of Alabama and it would be several days before all the candidates for a particular office would be ascertained. Plaintiffs also assert that the Statute requires a central filing place so that potential candidates and the public could make meaningful and instantaneous inquiries as to who had qualified to seek a particular office. On the other hand, the Republican Party contends that it is entirely reasonable and permissible for the State Party Chairman to designate someone to act for the Chairman — that such involves no more than the inner workings of a political party and should be permitted to prevent hardship.
"It is well settled that within limitations imposed bystatute committees of political parties have power to make rules *Page 879 
and regulations for their own government. 29 C.J.S. Elections § 87 (b); Ripon Society v. National Republican Party,525 F.2d 567 (D.C. Cir.) 1975); Cousins v. Wigoda, 419 U.S. 477
[95 S.Ct. 541, 42 L.Ed.2d 595] (1975).
"In the case now before the Court, however, there is a statute that clearly, and without ambiguity, states that all candidates for nomination to state public office `shall filetheir declaration of candidacy with the state party chairman'.
"The statute [§ 17-16-11, Code 1975] reads as follows:
 "`(a) All candidates for nomination to public office or for election to party office in the primary provided for in this chapter shall file their declaration of candidacy with the state party chairman if they seek any office other than a county office (including federal, state, circuit and district offices, the state senate and house of representatives). . . .'
"It is undisputed that Thetford did not file his declaration of candidacy with the Alabama Republican Party Chairman either personally or at his office at the Alabama Republican Headquarters in Birmingham, Alabama, prior to 5:00 P.M. on July 6, 1984.
"The Alabama Supreme Court in the case of Morgan County Boardof Education v. Alabama Public School and College Authority,362 So.2d 850 (Ala. 1978), held as follows:
 "`The fundamental rule of courts in construing acts of the legislature is to ascertain and give effect to the legislative intent. If possible, such intent must be gathered from the language of the legislature itself. Drake v. Pennsylvania Threshermen and Farmers' Mut. Cas. Ins. Co., 265 Ala. 444, 92 So.2d 11 (1957). It is only when the language of the statute is ambiguous or uncertain that the court can resort to considerations of fairness, justice, and policy to ascertain the intent of the legislature.'
(emphasis supplied [by the trial court])
"A very similar question was presented in the case ofWilliams v. Martin, 320 So.2d 323 [(La.Ct.App. 1975),] in which a potential candidate sought to qualify with a designee of a secretary of an appropriate political committee. The Louisiana Court in that instance held that:
 "`the law does not authorize either the chairman or the Secretary to appoint another person to receive qualifying papers, and that the plaintiff was required to place his papers in the hands of the appropriate committee officer prior to the deadline.'
"The Court, making reference to the applicable statute, pointed out that the statute revealed no authority to designate and that:
 "`The procedure outlined clearly requires that nomination papers shall be filed with the Chairman, and in the event of his unavailability, then with the Secretary of the Election Committee.'
"The Court further said:
 "`. . . the Secretary of the Committee was available. Accordingly, the statute required that plaintiff file his nomination papers with him personally and not with some agent appointed by him.'
"It is interesting to note that after the case of Williams v.Martin, the Louisiana legislature amended the applicable statute to read as follows:
 "`State candidates shall qualify for a primary election with the secretary of state or a person in his office designated to receive qualifying papers.' [La.Rev.Stat.Ann. § 18:462 (A) (West 1979)]
"It may be that the statute involved in this case should be rewritten by the Legislature. This may well be true with regard to the entire body of election laws in Alabama. Such measures, however, as well as the policy considerations advanced by the parties address themselves to the legislature and not to the courts. Courts simply are not authorized or empowered to rewrite an unambiguous legislative directive.
 "CONCLUSIONS OF LAW
"Pursuant to the opinion of the Supreme Court in Bostwick v.Harris, 421 So.2d 492 *Page 880 
[(Ala. 1982)], the Court finds and is of the opinion that the Plaintiffs are registered voters, citizens and taxpayers of Mobile and have standing to maintain this action.
"The Court further concludes and declares that Thetford did not legally qualify as a candidate for the Republican nomination for such Judgeship and, therefore, there was no vacancy which could be filled by the Republican Party under §17-16-41. Foster v. Dickinson, 293 Ala. 298, 302 So.2d 111
[(1974)]. Therefore, King's name should not be printed on the general election ballot.
 "ORDER AND JUDGMENT
"In accordance with the foregoing Findings of Fact and Conclusions of Law, it is the ORDER and JUDGMENT of the Court that the Defendant Harris and Defendant Siegelman refrain from certifying the nomination of Cecil B. King as a nominee or candidate for the office of Judge of the District Court of Alabama for Mobile County, Place No. 1, or in the event either of them have issued such a certification prior to the issuance of this Order that they are hereby directed to withdraw or rescind such certification.
"The Defendant Noonan as Judge of Probate of Mobile County, Alabama, is hereby ordered and directed to cause the ballots to be prepared for the General Election in accord with the findings and conclusions herein set forth to the effect that the name of Cecil B. King will not be printed on such ballot as a nominee or candidate for the office of Judge of the District Court of Alabama for Mobile County, Place No. 1, and to cause the proper ballot labels to be placed on voting machines excluding therefrom the name of Cecil B. King as a nominee or candidate for such office.
"The Defendants Siegelman and Noonan are hereby affirmatively enjoined to take all action necessary and required to cause the ballots to be prepared for the General Election on November 6, 1984, in such manner so that neither the name of Cecil B. King nor Joseph D. Thetford will appear on the General Election ballot as a nominee or candidate for the office of Judge of the District Court of Alabama for Mobile County, Place No. 1."
Central to our holding of affirmance is the fact that Thetford's declaration of candidacy was not timely filed with the office of the state party chairman. In other words, it is not the designation of a third-party to act for the state party chairman (the party with whom Thetford filed his declaration) that is fatal to Thetford's compliance with § 17-16-11 (a). Rather, it is his failure to file with the office of the state party chairman that constitutes noncompliance. Indeed, the Alabama Republican Executive Committee's official resolution accepting and electing to come under the primary election laws of Alabama specified, in part, as follows:
 "Each person desiring to be elected as a nominee of the Republican Party for public office other than for county office . . . shall, not earlier than June 1, 1984, and not later than 5:00 p.m. on July 6, 1984, file with the Chairman of the Alabama Republican Executive Committee at State Headquarters in Birmingham, Alabama, a declaration of candidacy. . . ." (Emphasis supplied.)
While we agree that a filing of a declaration of candidacy with the office of the chairman of the political party's executive committee is compliance as contemplated by the statute, we do not agree that a filing with some other person at some other place meets the mandatory requisites which are plainly and unambiguously set forth in § 17-16-11 (a).
As herein amplified, the "Opinion and Order" of the Montgomery Circuit Court is hereby adopted as the opinion of this Court.
AFFIRMED.
All the Justices concur except ADAMS, J., not sitting. *Page 881