LYONS, Justice
(concurring in the result).
The Alabama Democratic Party (“Party”) has offered two reasons why it was authorized to dismiss Lawrence MeAdory’s contest of an election that he lost by two votes: (1) McAdory submitted improperly obtained evidence of invalid absentee ballots, including evidence that convicted felons had cast absentee ballots and (2) McAdory did not timely file a proper statement of election contest. The main opinion addresses the Party’s first reason. However, I see no reason to address that issue, because the Party was authorized to dismiss Lawrence McAdoyy’s election contest because he did not, within the time fixed by law, file a statement of election contest that complied with Party rules.
Although McAdory filed his statement of election contest within the 24-hour limitation period provided by § 17-16-70, Ala.Code 1975, his statement did not contain information required by a Party rule. The Party rule calls for a statement of election contest that contains the following items: (1) the name of the contestee; (2) the address of the contestee; (3) the address of the contestant; (4) the mailing address of the contestant; (5) the county, precinct, beat, or box where the contestant was registered to vote; and (6) the county, precinct, beat, or box where the contestant actually voted. McAdory attempted to rectify the omission by filing a supplemental statement of election contest, but the Party rejected the supplemental statement as untimely and dismissed his election contest because his original statement did not contain information required by the Party rule.
McAdory argues that because his original statement contained the information required by § 17-16-78, Ala.Code 1975, the Party wrongfully dismissed his election contest. Section 17-16-88, Ala.Code 1975, however, allows the executive committee of a political party to “prescribe such other additional rules governing contests and other matters of party procedure as it may deem necessary not in conflict with the provisions of this article.” This Court stated in Harris v. Weatherford, 459 So.2d 876, 878-79 (Ala.1984):
“ ‘It is well settled that within limitations imposed by statute committees of political parties have power to make rules and regulations for their own government.’ 29 C.J.S. Elections § 87(b); Ripon Society, Inc. v. National Republican Party, 525 F.2d 548 (D.C.Cir.1975); Cousins v. Wigoda, 419 U.S. 477 [95 S.Ct. 541, 42 L.Ed.2d 595] (1975).”
(Quoting and adopting trial court order; emphasis in original.) Furthermore, “[political parties have legitimate constitutional authority to promulgate rules for the regulation of *314 their affairs and, in Alabama, the legislature has specifically authorized them to do so.” Ex parte Graddick, 495 So.2d 1367, 1370 (Ala.1986). Thus, the Party was authorized to make rules that required information in addition to the information required by § 17-16-78, so long as the rules did not conflict with the provisions of the Code article governing contests of elections, or with constitutional safeguards. Cf. Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944) (the so-called “white-primary” case).
The six items listed above that the Party’s rule calls for do not conflict with, but are in addition to, those items called for by § 17-16-78. Furthermore, in the trial court, McA-dory did not assert that the Party rule conflicted with any statute or constitutional provisions. Thus, the Party had the authority to make the rule at issue in the present case.
The Party maintains that its insistence on the timely filing of a contest that complies with the requirements in the Party rule is necessary because the limitations provision in § 17-16-70 mandates that the Party ascertain within 24 hours whether the contestant is a person allowed to file a statement of election contest under § 17-16-71, Ala.Code 1975. The Party also contends that it has the authority to interpret and enforce its own rules as it sees fit, so long as its interpretation and enforcement do not violate the election statutes.
While the Party rules also condemn the elevation of form over substance, we do not challenge the Party’s implicit conclusion that its requiring compliance with the rule regarding the content of a statement of election contest does not elevate form over substance. Such second guessing is beyond the province of this Court or the circuit court. Accordingly, I concur in the result.
MADDOX and HOUSTON, JJ., concur.