STATE, *ex rel.* GEORGE B. JACKSON, EDWARD SOUTHWORTH, and ETHEL NORMAN, v. R. A. GRAY, as Secretary of State.

170 So. 137.

En Banc.

Opinion Filed October 13, 1936.

Rehearing Denied October 22, 1936.

*Edwin L. Bryan,* for Relators;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *John L. Graham,* Assistant Attorneys General, for Respondent.

ELLIS, P. J.—George B. Jackson, Edward Southworth, and Ethel Norman, alleging that they were nominees of the Communist Party for the offices of Presidential Elector, Governor and United States Senator, respectively, obtained a rule *nisi* directed to R. A. Gray, the Secretary of State of the State of Florida, to show cause why an alternative writ

of mandamus should not be issued requiring him to show cause why he should not certify to Boards of County Commissioners of the several counties of the State of Florida the names of the relators with the offices to which they had been nominated in order that the same might be printed upon the official ballot for the election to be held in November of the present year.

The alternative writ alleges that the Secretary of State had refused upon the application of the relators to certify their names and the offices to which they were nominated to the Boards of County Commissioners upon the ground that there was no statutory authority requiring him to do so.

The relators allege that Chapter 13761, Acts of 1929, and Chapter 14657, Acts of 1931, the former relating to primary elections and defining a political party as a party which polled more than thirty per cent. of the entire vote cast in the State for its candidates for presidential electors, or any other officer voted for throughout the State, and providing for the nomination of the candidates of such party; the latter Act relating to the printing of names of candidates on tickets to be voted in any general election to be held in the State, are unconstitutional and void for many reasons, among them being the following:

The prevention of the formation and activities of new political parties; that such Acts are designed to confine the political activities of the State to one party, viz.: the Democratic Party; that they are designed to prevent any political party other than the two which may poll more than thirty per cent. each of the total vote at the last general election from obtaining any credit for the number of votes polled by the candidates of such other political parties; that such Acts violate provisions of the Federal and State Constitutions designed to secure equal civil and political rights; that the Acts are designed to abridge the rights of the Communist

Party, who are qualified voters in this State, to vote for the candidates of that party for Presidential Elector and for members of the Federal Congress, the abridging consisting in denying to such Communist candidates the right to have their names printed on the ballot, but requiring individual voters to write their names in the blank spaces left on the ballot under the particular office to be filled by the election; that such Acts delegate judicial functions to an administrative officer by empowering him to determine the political qualifications of the nominees of certain political parties to hold office, which power is exercised by excluding their names from the ballot; the requirement that political parties new or old poll thirty per cent. of the total vote polled at the last general election is an unreasonable test of political strength to enable members constituting a political party to qualify as such in order to have the names of its candidates written upon the ballot.

The relators, by the Attorney General, moved to discharge the rule *nisi* upon the following grounds among others; that the statute law of the State of Florida does not require the Secretary of State to procure the printing on the ballot to be used in the general election the names of any candidates for office who have not been nominated in the manner prescribed by law, or the names of such candidates certified to the County Commissioners for such purpose.

A demurrer to the rule *nisi* was also interposed urging in substance the same grounds, and a motion to discharge.

In the case of State, *ex rel.* Barnett, v. Gray, 107 Fla. 73, 144 South. Rep. 349, Mr. Justice WHITFIELD, speaking for the Court in an exhaustive opinion upon the questions presented in that case, which are in all respects identical with the questions presented in this case, said: "The law does not require the Secretary of State to certify to the county commissioners the names of any candidates except those

required to be printed on the official ballots used for voting at the general election."

No statute of this State requires the Secretary of State to cause the names of the relators or other persons similarly situated to be printed upon the ballots to be used for voting at the general election because such persons have not been duly nominated for the offices to which they aspire by primary election, nor chosen by the appropriate executive committee of a political party as defined under the laws of the State.

Mr. Justice WHITFIELD, now the Chief Justice, said also:

" 'Only the names of candidates who have been put in nomination by primary election or the appropriate executive committee of a political party' can lawfully be printed on the general election ballots; and that the statutes permit a nomination of a political party candidate by the appropriate executive committee of the party, to be printed on the official election ballots, only when the party had candidates for the office in the preceding primary election and no candidate of the party received a majority of the votes cast for a nominee of the party for the office at the primary election; or when the appropriate committee duly nominates a candidate to fill a vacancy in a party nomination that had been made in a primary election."

The Justice also said: "The filing in the office of the Secretary of State a certificate of the nominations made by a political party as was done in this case, and the right to vote for candidates on blank lines on the election ballots, enable the members of *any* political party to make a record of nominations of candidates for office made by their party, and to vote for such candidates at the general election; since if such nominations cannot legally be certified and printed on the election ballots, the members of such party, if they are duly qualified electors, may vote for the names of their

choice by writing the names and placing X mark opposite the names on the blank lines printed under the offices on the ballots at the election. Conveniences for so voting supplied under the statute. Sec. 324 (268) Comp. Gen. Laws 1927.

"In this way the votes duly cast for these persons who are candidates of a political party as such candidates are shown by the certificate of the party officials on file in the office of the Secretary of State, may be credited to that political party in determining whether the party has polled the requisite percentages of the entire vote cast, to be classed as a political party under the statutes of the State so as to entitle such party to make nominations of candidates by primary election and to have the names of its duly nominated candidates printed on the general election ballots at the expense of the public."

The Justice further said: "It is not * * * perceived how the statutory provisions complained of violate Sections 1 and 6 of the Declaration of Rights, or abridge the privileges or immunities of citizens of the United States, or disturb 'domestic tranquility.' "

In the case of State, *ex rel.* Sunday, v. Richards, 50 Fla. 284, text 288, 39 Sou. Rep. 152, it was said:

"A writ of mandamus may in the exercise of a sound judicial discretion of the court be issued to enforce the performance of a legal duty imposed by law upon a ministerial officer where such duty does not involve the exercise of discretion of judgment by the officer and the relator has a clear legal right to have such duty performed, and there is no other adequate remedy provided by law. Towle v. State, *ex rel.* Fisher, Sheriff, 3 Fla. 202; State v. Crawford, 28 Fla. 441, 10 South. Rep. 119." See also Bigham v. State, *ex rel.* Ocala Brick & Tile Co., 115 Fla. 852, text 867, 156 South. Rep. 246.

In the case of State, *ex rel.* Barnett, v. Gray, *supra,* it was held as follows:

"As the law now is, the candidates nominated for office whose names are required to be certified by the Secretary of State and to be printed on the official general election ballots by the County Commissioners, are *only* the names of those candidates who have been nominated as defined by Section 1 of Chapter 14657, Acts of 1931, amending Section 312 (256) Compiled General Laws of 1927, interpreted in connection with Section 14, Chapter 13761, Acts of 1929, amending Section 411 (354) Compiled General Laws, 1927" (4th headnote).

The constitutionality of the two chapters, 13761, Laws of 1929, and 14657, Laws of 1931, is therefore not involved in this proceeding because even if the purpose of the Legislature, in defining a political party as being one which polled at the last general election thirty per cent. of the total votes cast, is unreasonable and violates all of the provisions of the State and Federal Constitutions, as contended by relators, there is left no provision of the statute which requires the Secretary of State to certify the names of the relators to the various Boards of County Commissioners to be printed on the ballot to be used in the general election as candidates for the offices to which they aspire.

Should we agree with counsel for relators in the excellent brief filed by him and the oral argument made as to the purpose of the Legislature by such enactments to confine the politics of this State to one organized party, called the Democratic Party, it would be useless for us to extend that argument by way of advice to the Legislature, and we therefore abstain from doing so.

The motion to discharge the rule *nisi* and the demurrer to same are hereby sustained and the alternative writ denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and. DAVIS, J. J., concur.