A. D. F. BLOODWORTH, as City Manager of Miami, *et al.,* v.
STATE *ex rel.* RAY BECK.

190 So. 503
Division A
Opinion Filed June 27, 1939
Rehearing Denied July 24, 1939

*J. W. Watson, Jr., W. H. Burwell* and *W. W. Charles,*
for Plaintiffs in Error;

*A. Patrick Cannon* and *John G. Simms,* for Defendant
in Error.

PER CURIAM.—The writ of error brings for review judgment awarding peremptory writ of mandamus.

The cause was submitted to the Honorable Paul D. Barns,
Circuit Judge of the Eleventh Judicial Circuit of Florida,
on pleadings and stipulation of facts.

The judge's order awarding the writ is as follows:

"The above styled cause comes on before this court to be

heard upon the amended alternative writ of mandamus and the answer of the respondent and the stipulation of facts this day filed before me. The pertinent matters appear to be that Ordinance 1806 attached to the amended alternative writ of mandamus as Exhibit 'B' thereof was duly passed on July 16, 1937, and thereupon the petitioner received the following notice:

" 'DEPARTMENT OF PUBLIC SERVICE
" '*Office of Director*
" 'Miami, Fla.
" 'July 16, 1937

" 'Mr. Ray Beck,
" 'Miami, Florida.
" 'Dear Sir:

" 'As an economy move, under Ordinance No. 1806, passed and adopted July 16, 1937, your position of mechanic in the Sewer Division is abolished, effective July 20, 1937, and your services as mechanic cease accordingly.

' 'You probably will wish to see the Civil Service Secretary and keep your standing active, so that if employment opportunity arises you will be eligible.

" 'Yours very truly,
" 'C. S. Nichols
" 'CNS                    Director of Public Service.
" 'f

" 'Copy to City Manager
" 'Civil Service
" 'E. M. Rader
" 'P. A. Lee
' 'City Attorney
" 'Finance Department
" 'Payroll Clerk
" '2 extra" '

"Which as I take it gives rise to the following questions:
"When a city employee occupies the status of 'mechanic' in classified service under the civil service in a division of the Public Service Department, to-wit: the Sewer Division, and an ordinance is passed abolishing the position of 'mechanic' in the Sewer Division (which had theretofore been created by ordinance) and his work is absorbed by a senior ranking employee and at such time there are other 'mechanics' in other divisions of the Public Service Department who are junior in length of service who are retained;

"QUERE: Does such abolishment of the position of 'mechanic' of the Sewer Division permit the city to discharge from its employment such employee?

"The petitioner contends that civil service rule 18 governs and respondent contends that there is no civil service rule applicable, in this, that the 'abolishment' of a position is not a 'lay-off.' The pertinent portions of rule 18 are as follows:

"CIVIL SERVICE RULE 18.

" 'Whenever it becomes necessary, through lack of work or funds, to reduce the number of employees in the classified service, the department officer shall report such reduction to the Board in writing.

" 'The officers or employees laid off shall be those who at the time of the lay-off are actually employed in the classified service, and—

" '(a) who had been in the service of the city by actual employment the least total time previous to such date. Provided that no service shall be included prior to a period of absence from service which exceeds one year.'

"The controlling question appears to be whether or not the unit is the *department* or the *division of a department*. We must look to the provisions of Rule 18 to make this determination. As between the various employees I conclude that the unit is the department and not the division

and that the relator has superiority over those of less time of service and of the same status.

"It is my conclusion that upon the statement of facts before the Court when taken into consideration with rule 18 that the relator has not been rightfully or lawfully discharged and neither has said relator been rightfully or lawfully laid off as was attempted by the letter of C. S. Nichols, Director of Public Service, dated July 16, 1937; and it is thereupon

"ORDERED AND ADJUDGED That a peremptory writ of mandamus be issued. DONE AND ORDERED at Miami, Florida, this 28th day of November, A. D. 1938."

The command of the writ is:

"THEREUPON, you, the said A E. FULLER, as City Manager of the City of Miami, Florida, are commanded to restore relator, RAY BECK to the status of and treat him as a mechanic of the 'competitive class' of the 'classified service' in the Department of Public Service of the City of Miami, Florida, and cause to be paid him the said Beck, the salary or compensation of those of his class or grade from August 19th, 1937, the date of the last payment of salary or compensation to relator, and continue same as long as his status shall be and remain as it was on the date of the institution of this proceeding. Upon the date of the institution of this proceeding the relator's salary or compensation was $150.00 per month. And you, the said CLYDE H. PENNINGTON, as Paymaster of the City of Miami, Florida, are commanded to pay the relator his said salary or compensation in the manner and to the extent aforesaid, and you, the said CLYDE H. PENNINGTON as Executive Secretary of the Civil Service Board of the City of Miami, Florida, and you, the said JACK MOORE, as Chief Examiner and *ex officio* secretary of the Civil Service Board of the City of Miami, Florida,

are commanded to certify the payroll of the said City in the name of the Civil Service Board of said City in such manner as to show the relator to have been appointed or employed and performing service in accordance with the provisions of the Charter of said City and the rules established thereunder in order that said payment may be made in accordance with law. And you, the said C. S. NICHOLS, as Director of Public Service of the City of Miami, Florida, are commanded to accept, acquiescence in, and abide by the said restoration of said relator to the status of and the treatment of him as a mechanic of the 'competitive class' of the 'classified service' in the Department of Public Service of said City, and the payment to relator of the salary or compensation of those of his class or grade in the manner aforesaid.

"DONE AND ORDERED in Miami, Dade County, Florida, this 23 day of Dec., A. D. 1938."

We find no reversible error in the award or judgment and same should be, and is, affirmed.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.
BROWN, J., concurs in opinion and judgment.