FORREST E. NELSON v. O. G. LINDSEY, GEORGE W. LANGFORD, H. E. CUNIO, H. L. SCHALLER and E. R. MOORE, as members of the Civil Service Board of the City of Miami, and THE CITY OF MIAMI, a municipal corporation.

10 So. (2nd) 131                       Division A

October 23, 1942         Rehearing Denied November 13, 1942

E. F. P. Brigham and William J. Pruitt, for appellant.

J. W. Watson, Jr., Franklin Parson and John M. Murrell, for appellees.

WHITFIELD, J.:

A member of the police force in Miami was upon charges made and trial had before a city board, demoted from Inspector of Police to patrolman upon

a finding of guilty on six separate charges of misconduct under a city ordinance.

The circuit court issued an alternative writ of mandamus commanding the respondent members of the city board to cancel and rescind the order of demotion or to show cause for not doing so. After proceedings were had on the issues made, the circuit court found that two of the charges were adequately stated and sufficiently proven. The writ was quashed and the respondents discharged from the operation of the alternative writ. The demoted Inspector appealed.

Under Article II of the Constitution, "the powers of government of the State of Florida" are divided into three departments, one being the "judicial department." By other Sections of the Constitution, the judicial power of the State is vested in stated classes of courts with defined jurisdiction. The "judicial power" so vested and assigned is to be exercised within the limitations of applicable paramount law, "and no power properly belonging to one of the (three) departments shall exercise any powers appertaining to either of the others, except in cases expressly provided by this Constitution.

The governmental *powers* of the State are required to be exercised by one of the three departments, subject to constitutional limitations. Administrative and municipal governmental authority, functions and duties may be conferred as provided by law, all of which are subject to control by one or more of the three departments having governmental *powers*.

Section 4, Declaration of Rights, provides that "All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course

of laws, and right and justice shall be administered without sale, denial or delay."

The above quoted and other organic provisions do not contemplate that the exercise of purely legislative power or of a purely executive power shall be subject to judicial review, except to a limited extent in proper cases to determine whether controlling organic law has been violated by a particular exercise of such a purely legislative or purely executive power to the injury of rights secured by the dominant Constitution. See State v. Governor, 17 Fla. 67, State v. Cone, 137 Fla. 496, 188 So. 93; State v. Coleman, 115 Fla. 119, 155 So. 129.

Where the law confers discretionary administrative authority upon officials or boards and makes the exercise of such discretion a prerequisite to action taken, such action will not be controlled by mandamus unless the discretion conferred is abused and illegally violates rights of complaining parties. Towle v. State, 3 Fla. 202; State v. Barnes, 25 Fla. 298, 5 So. 722, or to require an illegal act to be done, State v. Gray, 125 Fla. 445, 170 So. 137; State v. Stewart, 49 Fla. 259, 38 So. 600. If the officer or board has no discretion in paying salaries of officers or performing other definite statutory duty, failure or refusal to perform the required duty may be remedied by mandamus. State ex rel. Weeks v. Gamble, 13 Fla. 9; State v. Lee, 142 Fla. 154, 194 So. 315. See also State v. Barker, 113 Fla. 865, 152 So. 682, 94 A.L.R. 1481; Cone v. State, 144 Fla. 738, 198 So. 689.

"Section 8, Article VIII, of the Constitution provides:

"The Legislature shall have power to establish, and to abolish, municipalities, to provide for their govern-

ment, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors."

Section 34, Article V, of the Constitution provides:

"The Legislature may establish in incorporated towns and cities courts for the punishment of offenses against municipal ordinances."

Apparently Section 8, Article VIII, does not contemplate that the Legislature will confer upon municipalities any judicial power other than as stated in Section 34, Article V, above quoted.

In general the governmental authority conferred by the Legislature upon municipalities may be *quasi* legislative, executive or judicial, but they are essentially administrative functions and duties, in accordance with immemorial custom, and within controlling organic provisions.

Under Section 8, Article VIII, the Legislature has express comprehensive powers to provide for the government and to prescribe the jurisdiction and municipalities, when no other applicable organic provision is thereby violated.

The action of the municipal board here sought to be reviewed, and remedied if invalid, is in its essential nature administrative or at most only *quasi* judicial. The ordinances of the city under which the challenged action was taken being municipal quasi legislation that is authorized by statute under Section 8, Article VIII, of the Constitution, and it is not shown to be invalid. It is authority for reasonable action duly taken under the ordinances.

Section 8, Article VIII, does not contemplate arbitrary municipal authority or action. Nor do the

Charter Acts of a city contemplate that unreasonable ordinances will be adopted or that authorized ordinances will be adopted or that authorized ordinances will be illegally or unreasonable or arbitrarily applied or enforced.

Municipal officers are subject to removal only in the manner and by the authority determined by the Legislature. In re: Opinion of the Justices, 121 Fla. 157, 163 So. 410.

"Insofar as legal weight and effect of administrative decisions of quasi-legislative or quasi-executive character is concerned, courts will not review such decisions for mere procedural errors or erroneous conclusions of fact, where administrative agency, in arriving at decision, violated no rule of law and record as entirety does not show abuse of delegated authority or arbitrary or unreasonable action." Headnote 3, State v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705.

"To extent that administrative statutory tribunal or agency is vested with statutory power to make decisions having judicial character, courts absent any specially provided method of appeal will grant relief by means of available common-law processes against quasi-judicial decisions of administrative agency, where decision is improvident, erroneous, or unjustified and shown to divest or impair some vested legal right." Headnote 4, State v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705.

Matters to be considered here are whether the municipal action complained of conforms to authority legally conferred, and whether it is a legal and reasonable exercise of administrative judgment predicated

upon required procedure and appropriate evidence as shown by the record as made.

Mandamus is an appropriate method of review and remedy when an administrative municipal board is duly charged with illegally depriving relator of his right to continue in the official position he legally holds under authorized ordinances of a municipality, and no other adequate remedy is afforded by the laws of the State. Peremptory writ should be issued only upon evidence duly adduced and clearly sufficient in probative force to prove the right of relator to the writ under the issues made. See Roark v. State, 122 Fla. 843, 165 So. 901; Nichols v. State, 138 Fla. 648, 190 So. 11; Bloodworth v. State, 139 Fla. 72, 190 So. 503.

The relief sought in this case by writ of mandamus is to compel respondents "to cancel and rescind their order of January 29, 1942, attempting to reduce petitioner to the rank of Patrolman" from that of inspector of police force.

If such order was illegally made by respondents, it is their duty to rescind the order; and mandamus may be invoked in the absence of any other adequate remedy. State v. Teasdale, 21 Fla. 652.

Upon the proceedings had on the alternative writ of mandamus, the circuit judge in effect eliminated four and sustained two of the charges upon which the order demoting relator, appellant here, was made by the city administrative board. The circuit judge then quashed the alternative writ and discharged the respondent members of the city board.

The order of the board is as follows:

"City Civil Service Board having heard all of the evidence submitted by all parties interested and having

heard argument of counsel for all parties interested, and being fully advised, requested that the Board room be vacated and only the Civil Service Board be left in privacy to determine the guilt or innocence of Inspector Forrest E. Nelson. After deliberating and fully discussing each and every charge, the following motion was unanimously adopted:

" 'That Forest E. Nelson be found guilty of the 1st, 2nd, 3rd, 4th, 5th and 9th charges.'

"Upon motion being duly made, seconded, and unanimously carried, Forrest E. Nelson is hereby demoted as of this date, January 29, 1942, to the rank of Patrolman."

"The fourth charge was that:

" (4) 'In his application for employment as an Inspector of Police, filed November 21, 1936, approved November 23, 1936, he intentionally made a false statement of a material fact, under oath, in that when asked the following question:

" 'Were you in the military or naval service of the United States?'

"He answered: 'No.'

"Said statement was made knowing the same to be false, because he had been in the Naval Service of the United States and had deserted said service on December 6, 1910.

"The fifth charge was:

" (5) 'In either the application referred to in charges one and two, or in charges three and four of this complaint, he knowingly made a false statement, under oath, as to the date of his birth and his age.

" 'In his application dated December 17, 1921, he gave 1887 as the year of his birth and his age as 34.

" 'In his application dated November 23, 1936, he gave the date of his birth as 1892 and his age as 44.' "

When the explanatory answers of the inspector to charges 4 and 5 are considered with the entire evidence adduced, the order of the board is not justified.

The final order of the Court concludes:

"We find charges 4 and 5 adequate and the evidence sufficient to support the charges. Under such circumstances the Board has the exclusive power to hear and decide, and we are not to substitute our judgment for that of those vested with the administrative powers by the City Charter.

"Wherefore, the premises being considered, it is

"Ordered that the respondents' motion to quash said alternative writ be and the same is hereby granted and the respondents discharged; and

"It Is Further Ordered and Adjudged that upon the expiration of seven days after the filing of this order that the constitutional writ heretofore issued stand dissolved and annulled."

Mandamus is applied on equitable principles that right and justice shall be administered by due course of law; but mandamus is not used to determine or enforce equitable rights. State v. City of Sebring, 115 Fla. 176, 155 So. 669; State v. S.A.L. Ry. Co., 89 Fla. 419, text p. 438, 104 So. 602.

In mandamus the writ may be so framed as to meet the requirements of the particular case in administering the law within applicable limitations.

"The writ of mandamus issues only when the law affords no other adequate remedy; and when the writ is applicable it should be framed to meet the exigencies of the case." State v. Haskell, 72 Fla. 176, 72 So. 651."

Section 4637 (2918) C.G.L. provides:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as it may appear according to law."

After a full consideration of the *entire record,* including the evidence, we find that the order of the Board should not have been sustained by the Circuit Court upon charges 4 and 5.

Therefore the final order of the circuit court is reversed and the cause is remanded with directions that an order be entered consistent with the views herein expressed.

It is so ordered.

BROWN, C. J. BUFORD, and ADAMS, JJ., concur.