STATE OF FLORIDA ex rel. EDWARD O. SCHWEITZER v. CHARLES G. TURNER, member and Chairman of the Board of Public Instructions of Dade County, Florida; R. P. TERRY, MILTON WEISS, VAN E. BLANTON, and F. H. McDONALD, all members of and as constituting the Board of Public Instruction of Dade County, Florida.

19 So. (2nd) 832  
November 28, 1944  
Rehearing denied December 13, 1944

June Term, 1944  
Division A

G. A. *Worley* and *Jack Kehoe,* for appellant.

*John J. Lindsey,* for appellees.

CHAPMAN, J.:

It has been made to appear that the appellant (relator below), Edward O. Schweitzer, by profession is a teacher and for ten years taught in the public schools of Dade County, Florida. It is admitted that, professionally, he is well qualified, conscientious, and experienced and is highly esteemed in Dade County. The appellant and the Board of Public Instruction of Dade County entered into a contract or an agreement by the terms of which he was to teach in the Ada Merritt Junior High School of Dade County for the scholastic year 1943-1944, as teacher of science and Dean of Boys.

The Board of Public Instruction, during the month of July, 1943, in writing brought to the attention of the appellant certain public statements by him made on July 21, 1943, to the effect that he was not willing to aid the United States Government in the present war declared against it by the Government of Germany, Japan and Italy—either in the combatant or noncombatant branches of the Army or Navy or other military forces of the United States Government; that he would not wear the uniform of such force or render aid or assistance to the United States Government; and that he would not take part in any activity or perform any service that was calculated to aid the United States Government in the present crisis.

It was the view of the Board that the appellant under the law was required to teach the fundamental principles of patriotism, along with other prescribed courses of study, to the students of Dade County, and if the public utterances of the appellant, as previously made, were true, then serious doubt existed as to the qualifications and competency of the appellant to teach in the public schools of Dade County. He was requested to meet with the Board at a designated time and at the hearing remove the cloud of doubt and suspicion affecting his competency as a teacher.

Pursuant to the notice appellant appeared before the Board and at a hearing had under the provisions of Division (i) of Subsection 7 of Section 230.23, Fla. Stats. 1941 (FSA). The law *supra* authorizes a removal of a teacher by a Board of Public Instruction for immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. Appellant and witnesses appeared before the Board and gave testimony, and, after argument of counsel, the Board of Public Instruction of Dade County made findings of fact and adopted resolutions of removal.

Pertinent portions of the adopted resolutions are viz:

"(1) That Edward O. Schweitzer, heretofore a teacher and Dean of Boys in Ada Merritt Jr. High School, is a conscientious objector opposed to participation in war and to service either in the combatant or non-combatant forces of

the United States and because thereof has sought and procured himself to be classified in IV-E under Selective Service laws and regulations, whereby he is assigned to civilian work under civilian supervision.

"(2) That this conduct and attitude by the said Edward O. Schweitzer is wholly inimical to the ideals of citizenship and responsibilities of citizens to their country and government as the same is intended and required by the laws of Florida to be taught and inculcated in the minds of the students of public free schools of Dade County, Florida.

"(3) That said conduct and attitude of the said Edward O. Schweitzer is violative of the duties and responsibilities imposed upon him by the statutes of Florida in such cases made and provides and particularly sub-sections 1, 3 and 5 of Section 231.09 Florida Statutes 1941 (the Board being advised that the said Statute constitutes a part of all teachers' contracts as fully as if therein set forth in full) and because thereof the said Edward O. Schweitzer has become and now is incapable and incompetent longer to perform his full duty as a teacher or dean of boys in the public schools of Dade County, Florida.

"(4) That the employment of the said Edward O. Schweitzer as a teacher and Dean of Boys, each and both, be and the same is hereby terminated.

"(5) That this resolution be spread upon the official Minutes of this Board and a certified copy thereof be furnished to the said Edward O. Schweitzer."

The appellant instituted in the Circuit Court of Dade County, Florida, mandamus proceedings against the Board of Public Instruction of Dade County seeking a reinstatement to the position of teacher of science and Dean of Boys at the Ada Merritt Junior High School from which position he had been dismissed by the Board. The court below quashed the alternative writ of mandamus previously issued and the relator below perfected an appeal here.

Mandamus is a remedy to command performance of a ministerial act which relator has the right to demand and which it is the plain official duty of the respondent to perform.

See State v. Rose, 123 Fla. 544, 167 So. 21. Where the law confers discretionary administrative authority upon officials or boards and makes the exercise of such discretion a prerequisite to action taken, such action will not be controlled by mandamus unless the discretion conferred is abused and illegally violates rights of complaining parties. See Nelson v. Lindsey, 151 Fla. 596, 10 So. (2nd) 131. It must clearly appear that the relator has a legal right to the performance by the respondent. See State v. Amos, 100 Fla. 1335, 131 So. 122.

Section 231.09, Fla. Stats. 1941 (F.S.A.), prescribes, in part, the duties of teachers in the public schools of Florida. Additional duties to those provided for therein may be promulgated by the State Board of Education and the Boards of Public Instruction of Florida. Subsection (1) of 231.09 makes it the duty of a teacher to render faithful efficient service. . . . Sub-section (2) of Section 231.09 provides for the readings from the Holy Bible in the presence of the pupils once each school day without sectarian comment.

Subsection (3) of Section 231.09 makes it the duty of a teacher to labor faithfully and earnestly for the advancement of the pupils in their duties, deportment and morals, and embrace every opportunity to inculcate by precept and example the priciples of truth, honesty and patriotism and the practice of every Christian virtue. It was the conclusion of the respondents below (appellees here) that the conduct and attitude of the appellant was not only inimical to the responsibilities of good citizenship but his manifested ideals were detrimental to the minds of the students and welfare of the public school system.

The Statute *supra* imposed the duty to teach the students of Dade County by precept and example "honesty and patriotism," and the true test of patriotism can accurately be measured by the willingness of the citizen to bear arms and fight in the defense of his Country. The relator's qualifications, as clearly manifested by the record, failed to conform with the requirements of our law and the respondent Board's conclusions are within the spirit of the law *supra,* when by

resolutions adopted the appellant was declared incompetent to teach in the public schools of Dade County, Florida.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.