HOBSON, Judge.
Appellants, petitioners below, seek review of a final judgment quashing an alternative writ of mandamus.
On March 7, 1969, appellants completed their purchase of a certain tract of land located in Kenneth City, Florida, for the purpose of constructing apartments thereon. The land was rezoned from single-family dwelling units on April 2, 1969, to allow for the construction of multiple-family dwelling units by Ordinance No. 113. Said ordinance was adopted by having all three readings of the ordinance at the one meeting and passing same without a public hearing.
On April 10, 1970, an application for a building permit was filed by appellants with the Town of Kenneth City. On April 22, 1970, appellants were advised by the appellees that it would be necessary for the appellants to submit an “Application for a Zoning Approval” in addition to their building permit application and appellants complied with this request on the same date. On April 10, 1970, Ordinance 136 was passed on its first reading, rezoning the subject property to single-family residence. Said ordinance was passed on second and third readings on April 30, 1970.
Demand was made before and after Ordinance 136 was passed but appellees failed to issue the requested building permit. *749 Upon appellant’s petition, the Circuit Court issued an alternative writ of mandamus commanding the respondents to issue petitioners a building permit or to show cause for not doing so. After proceedings were had on issues made, the Circuit Court found, among other things, that Ordinance 113 was in derogation of § 176.05 Fla.Stat., F.S.A., and therefore invalid. The writ was quashed and the respondents were discharged from the operation of the writ. Petitioners then appealed.
It is unrefuted that Ordinance 113 was adopted at one meeting without a public hearing in derogation of § 176.05 Fla.Stat., F.S.A., which provides:
“176.05 Municipality to provide procedure; regulation, restriction or boundary not effective until after public hearing thereon; publication of notice of hearing required. — The governing body of the said municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days’ notice of the time and place of such hearing shall be published in a newspaper of general circulation in said municipality and if there be no newspaper published within the municipality then three notices shall be published in at least three conspicuous places within the municipality including the city or town hall as the case may be.” (emphasis ours)
Therefore Ordinance 113 is invalid and mandamus will not lie to require an illegal act to be done. Nelson v. Lindsey, 1942, 151 Fla. 596,10 So.2d 131.
Affirmed.
LILES, A. C. J., and MANN, J., concur.