HENDRY, Judge.
Appellants-plaintiffs, Kelner and members of a homeowners’ association, seek review of an order dismissing with prejudice for failure to state a cause of action their second amended complaint for an injunction. Appellants own homes on Allison Island, across the waterway from planned construction by certain appellee-defendants after they had secured zoning variances and building permits from the other appellee-defendants, the City of Miami Beach and members of its City Council.
Based upon several decisions released after the entry of the challenged order, we reverse the judgment and remand the cause for further proceedings.
The complaint for an injunction alleges that the city code requires a 5/7ths vote to modify zoning regulations or grant variances. According to the allegations, on April 15, 1970, four councilmen (of which two were said to have an interest in the matter) voted, without the required notice and hearing, and passed an ordinance attempting to lift certain zoning restrictions. The complaint asserts that the city and council members attempted to give effect to invalid, expired variances and building permits which were granted before February 6, 1969 to certain appellees, called the “developers.” On February 6, 1969, a new zoning ordinance was enacted, but without a “grandfather” clause. The appellants directed their challenge in the lower court to the “grandfather” resolution adopted by the city council, without notice and public hearing, which would add a “grandfather” clause to zoning ordinances.
The appellees contend that the instant complaint did not state a cause of action: (a) against the city because the ordinance challenged was curative legislation not requiring notice or public hearing, that certi-orari is the proper avenue of review and that special damages were not alleged; (b) against the Ford Foundation, as it failed to allege special damages or the Foundation’s interest in the property and retrospective operation of ordinances is not subject to court review under the separation of powers doctrine; (c) against S. P. J. Corporation, for failure to allege special damages, certiorari is proper means of appellate review, and appellants approved granting of the variances before the city council.
The rule or ground presented by the ap-pellees in moving to dismiss has no application where a person affected seeks to challenge such action of the city on the ground that the action was illegal, or that the proceedings before the city council which resulted in such action were conducted contrary to the provisions of the charter, such as by failure of the city to give notice required by its charter, as alleged here. Rhodes v. City of Homestead, Fla.App.1971, 248 So.2d 674 and cases cited; Renard v. Dade County, Fla.App.1971, 249 So.2d 500; Knowles v. Town of Kenneth City, Fla.App.1971, 247 So.2d 748.
Reversed and remanded.