T. W. Miller, Jr. Director Lee County Mosquito Control District Fort Myers
QUESTIONS:
1. Should persons seeking to qualify as candidates for election to the office of Commissioner of the Lee County Mosquito Control District qualify before the clerk of the circuit court, or should they qualify before the supervisor of elections?
2. Should the sum charged by the supervisor of elections to validate signatures on such candidates' qualifying petitions be deemed a filing fee?
3. Is the payment of such validation charges an `expenditure' within the meaning of s. 106.011(4), F. S. 1977, and, therefore, required to be paid from campaign funds on deposit in a campaign depository?
SUMMARY:
The procedures established in the enabling legislation creating the Lee County Mosquito Control District relating to the time, manner, and person before whom candidates for the office of commissioner of the district are to qualify have been superseded and impliedly repealed or modified by Ch. 77-175, Laws of Florida. Such candidates must now qualify at the time and in the manner provided by general law.
AS TO QUESTION 1:
Chapter 67-1630, Laws of Florida, as amended by Ch. 72-598, establishes the Lee County Mosquito Control District. The district is governed by a six-member board of commissioners, each representing a geographical area or portion of the district. Section 3(2) of Ch. 67-1630 provides for the election of commissioners to the board and states, in part:
 Members of said board shall thereafter be elected for a term of four (4) years each by a vote of the district at large, at an election to be held on the date set for the general election of each year in which a general election is held. The board of county commissioners shall cause to be printed on the ballots for said election the names of any qualified persons as candidates for the office of the board of commissioners of said mosquito control district upon petition having been filed with the clerk of the circuit court of Lee county signed by not less than twenty-five (25) qualified electors for said election, which petition shall be filed with said clerk of circuit court not more than seventy-five (75) and not less than sixty (60) days before said election. All members of the board shall be elected on a nonpartisan basis. No filing fees shall be required as a requisite for qualifying as a candidate for the office of commissioner of said district. Blank lines shall be placed on said ballots so that write-in votes may be written thereon.
See also s. 3 of Ch. 67-1630 providing, inter alia, that `[t]he person from each area receiving the highest number of votes cast by the district at large at such election shall be declared the commissioner for said area under this law.'
Prior to the enactment of Ch. 77-175, Laws of Florida, effective January 1, 1978, the provisions of the Florida Election Code which set forth procedures for qualification of candidates for nomination or election to office applied only to candidates for national, state, or county office. See s. 99.061, F. S. 1975, entitled `nomination of candidates for state, county and UnitedStates offices; sworn statement, receipt and filing fee.' (Emphasis supplied.) Section 99.061(1) and (2) required candidates for state and national office to file qualification papers and pay the qualification fee and party assessment, if any had been levied, to the Department of State during the qualifying period. Section 99.061(3) imposed the same requirements on candidates for county office, except that the qualifying papers were to be filed with, and qualifying fees paid to, the clerk of the circuit court of the county. An alternate method of qualifying by means of the petition process was provided under s. 99.095, F. S. 1975, for those candidates who filed an oath that they were unable to pay the filing fee imposed by s. 99.092, F. S. See also ss. 99.152 and 99.153, F. S. 1975, relating to procedures to be followed by independent candidates seeking to have their names placed on the general election ballot and ss. 101.261 and 101.262, F. S. 1975, relating to minor party candidates.
That the foregoing statutory provisions were limited to candidates for nomination or election to national, state, or county office is also made evident by an examination of the definitions used in the prior Election Code. Section 97.021, F. S. 1975, provided that `when used in this code' the terms `primary election,' `general election,' and `special election' were to be construed as elections held for the purpose of nominating or voting for persons to fill national, state, or county offices. See also s. 101.25(1), F. S. 1975, providing in part that `[t]he nomination of all candidates for all elective state, congressional and county offices, for United States Senator . . . is made in the manner provided in this code.'
The courts in this state have on several occasions ruled that officers of a special taxing district are not generally considered to be officers of the state or a county. See Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1975); Martin v. Dade Muck Land Co., 166 So. 449 (Fla. 1928); and State ex rel. Landis v. Reardon, 154 So. 868 (Fla. 1934). Cf. AGO's 069-49 and 071-324 holding that an officer of a special district was not within the purview of the dual officeholding prohibition contained in s. 5(a), Art. II, State Const., because that provision prohibited a person from holding more than one office `under the government of the state and the counties and municipalities therein . . .' and this language could not be extended to include special districts.And cf. AGO 078-11 holding that s. 286.012, F. S., prohibiting abstention from voting by members of the governing boards of the state, counties, or municipalities or agencies thereof, was not applicable to the governing board of a special district. Under the rationale of the foregoing authorities, therefore, the statutory provisions in Ch. 99, F. S. 1975, relating to the procedures to be followed by candidates for nomination or election to office did not apply to candidates for special district offices.
However, with the enactment of Ch. 77-175, Laws of Florida, the Legislature has broadened the scope of the Election Code to provide procedures for the nomination and election of candidates for special district offices. The definitions of primary and general elections found at s. 97.021(2) and (4), F. S. 1977, have been broadened to include district offices as well as national, state, and county offices. More specifically, s. 99.061(2), F. S. 1977, now provides:
 (2) Each person seeking to qualify for nomination or election to a county office, or district office not covered by subsection (1), shall file his qualification papers and pay the qualification fee and party assessment, if any has been levied, to the supervisor of elections of the county, or qualify by the alternative method with the supervisor of elections, at any time after noon of the first day for qualifying, which shall be the 63rd day prior to the first primary, but not later than noon the 49th day prior to the first primary. The supervisor of elections shall remit to the secretary of the state executive committee of the political party to which the candidate belongs within 30 days after the closing or qualifying time the amount of the filing fee, two-thirds of which shall be used to promote the candidacy of candidates for county offices and the candidacy of members of the Legislature. (Emphasis supplied.)
It is evident that the provisions of s. 99.061(2), F. S. 1977, are in direct conflict with the provisions of s. 3(2) of Ch. 67-1630, Laws of Florida, as to the time and manner in which persons seeking election to district office are to qualify as candidates. I find no provision in Ch. 77-175, supra, which expressly repeals special acts which are in conflict therewith; however, I am of the opinion that for the reasons stated herein, Ch. 77-175 has superseded and impliedly modified or repealed s. 3(2) of Ch.67-1630 to the extent of any positive and irreconcilable conflict between the two acts.
It is well established that a general law will not ordinarily modify or repeal by implication an earlier special or local law.See Sanders v. Howell, 74 So. 802 (Fla. 1917), and State v. Sanders, 85 So. 333 (Fla. 1920). However, where the general law is a general revision of the whole subject, or where the two acts are so repugnant and irreconcilable as to indicate a legislative intent that the general law should prevail, then the special act will be presumed to have been superseded and repealed or modified. Steward v. DeLand-Lake Helen Special Road and Bridge District,71 So. 42 (Fla. 1916); Apalachicola v. State, 112 So. 618 (Fla. 1927); City of Miami V. Kicheako, 22 So.2d 627 (1945); Town of Palm Beach v. Palm Beach Loc. 1866, I.A.F.F., 275 So.2d 247 (Fla. 1973).
In State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla. 1956), the Supreme Court held that a statute [Ch. 29936, 1955, Laws of Florida] which set forth a period in which candidates for state and county offices should qualify for office was `a restatement or general revision of the election laws of this state' and as such had the effect of repealing all special or local laws on the same subject. The court noted that the primary intention of the Legislature was to establish uniform qualifying dates for candidates for state and county offices; and that, therefore, a special law which established different qualifying dates for offices in a particular county was repealed.
Similarly, Ch. 77-175, supra, represents a general revision of the entire Election Code (Chs. 97-106, F. S.), and it seems to have been clearly intended to prescribe the only rule governing the subject matter provided for, such as the qualification of candidates and the holding and conduct of, and campaigns for, elections to elect public officers. See American Bakeries v. Haines City, 180 So. 524 (Fla. 1938); Sanders v. Howell, supra; and the title to Ch. 77-175. One of the purposes of Ch. 77-175 as expressed in the title of the legislation is to prescribe the `powers and duties of election officials and duties of other officials with respect to elections, registration and official records. . . .' This intent is manifested throughout Ch. 99, as amended, since the duties of the clerk of the circuit court to receive qualifying papers and fees of candidates for county office have been transferred to the supervisor of elections. Thus, I am of the view that, insofar as s. 3(2) of Ch. 67-1630, supra, provides that candidates for the board of commissioners of the district shall qualify before the clerk of the circuit court, it has been superseded and impliedly repealed or modified by s. 6 of Ch. 77-175, amending s. 99.061(2), F. S., to provide that such candidates shall qualify before the supervisor of elections.
Moreover, I am also of the opinion that s. 3(2) of Ch. 67-1630,supra, has also been superseded and impliedly repealed or modified by s. 6 of Ch. 77-175, supra, as to the time and manner
in which candidates for election to district office must qualify. The title to Ch. 77-175 evidence the legislative intent to prescribe `regulations for the qualification of candidates and the campaign and election of public officers . . . .' Under s.99.061(2), F. S. 1977, each candidate for district office is required to qualify during the time period specified therein. Section 6 of Ch. 77-175 establishes uniform qualifying dates forall nonjudicial, nonmunicipal offices, whether national, state, county, or district. Thus, the qualifying dates established in s. 3(2) of Ch. 67-1630 should be deemed to be superseded and impliedly repealed or modified, and candidates for the office of commissioner of the district should now qualify during the qualification period set forth in s. 99.061(2) (at any time after noon on the first day for qualifying which shall be the 63rd day prior to the first primary, but not later than noon the 49th day prior to the first primary). See State ex rel. Limpus v. Newell,supra.
In addition, under the principles of law enunciated above, I believe that s. 3(2) of Ch. 67-1630, supra, has been impliedly repealed or modified insofar as it directly conflicts with procedures established by s. 6 of Ch. 77-175, supra, as to the manner in which candidates for district office shall qualify. Section 99.061(2), F. S. 1977, authorizes two methods by which candidates for county or district offices shall qualify: The first is to file qualification papers and pay a filing fee; the second, the alternative method of qualifying, is set forth in s. 99.095, F. S. 1977, and permits candidates who file an oath that they are unable to pay the filing fee to have their names placed on the ballot by means of the petitioning process. The procedures outlined above are the only two means authorized for candidates (who are not independent candidates or minor party candidates) to qualify for office. Moreover, s. 100.051, F. S., as amended by s. 12 of Ch. 77-175, reads:
 The supervisor of elections shall print on ballots to be used in the county at the next general election the names of candidates who have been nominated by a political party, other than a minor political party, and the candidates who have otherwise obtained a position on the general election ballot in compliance with this code. (Emphasis supplied.)
 It should be noted that s. 99.023, F. S. 1975, relating to write-in candidates has been repealed by s. 66 of Ch. 77-175. Although s. 3(2) of Ch. 67-1630 authorizes the election of write-in candidates, it would appear that the supervisor of elections is no longer authorized to place `blank lines' on the ballot for the election of such candidates. Cf. State ex rel. Lamar v. Dillion, 14 So. 383, 393-94 (Fla. 1893).
 The courts have consistently ruled that only those candidates who have qualified and been nominated in the manner prescribed by law are entitled to have their names printed on the general election ballot. See State ex rel. Barnett v. Gray, 144 So. 349 (Fla. 1932) and State ex rel. Jackson v. Gray, 170 So. 137 (Fla. 1936). Accordingly, in light of the language contained in s. 100.051, F. S. 1977, quoted above, I am of the view that candidates for the office of Commissioner of the Lee County Mosquito Control District should qualify in the manner provided by s. 99.061(2), F. S. 1977, or alternatively by s. 99.095, F. S. 1977.
 Another issue relative to your request must also be considered. Section 3(2) of Ch. 67-1630, Laws of Florida, states in part that `[n]o filing fees shall be required as a requisite for qualifying as a candidate for the office of commissioner of this district.' However, s. 99.061, F. S. 1977, expressly requires payment of a filing fee unless the candidate is indigent. See also s. 99.092(1), F. S. 1977, providing that
 [e]ach person seeking to qualify for nomination or election
to any office, except a person seeking to qualify pursuant to s. 99.095, shall pay a filing fee to the officer with whom he qualifies . . . at the time he files his other qualifying papers. (Emphasis supplied.)
I find no provision in Ch. 99, as amended, or elsewhere in the new Election Code, which exempts a candidate from paying the filing fee required by s. 99.092 unless such candidate qualifies by the alternative method set forth in s. 99.095, as amended. The filing fee is required of candidates for nomination and candidates for election. Moreover, the language in s. 99.092, as amended, is broad enough to require a filing fee of a nonpartisan candidate. In such circumstances, the filing fee would be paid to the supervisor of elections and deposited in the general revenue fund of the county. Cf. s. 105.031, F. S., as amended by s. 36 of Ch.77-175, supra, providing that a candidate for judicial office (which office is legislatively declared by s. 105.011, F. S. 1977, to be a nonpartisan office) shall pay to the Division of Elections a qualifying fee of 3 percent of the annual salary of the office to which he seeks election or retention or qualify by the alternative method, and further providing that the Division of Elections shall forward all such qualifying fees to the Department of Revenue for deposit in the General Revenue Fund. And cf. AGO 070-100, in which it was held that a county charter provision which required that elections for all offices shall be on a nonpartisan basis did not obviate the mandate of s. 99.092
requiring payment of a filing fee. Since such fees cannot in this case be remitted to a political party, they should be remitted to the general revenue fund of the county.
In light of the foregoing, therefore, I am of the view, pending legislative or judicial clarification, that candidates for the office of Commissioner of the Lee County Mosquito Control District should pay the filing fee required by s. 99.092, F. S. 1977.
AS TO QUESTION 2: Your second question requires an examination of s. 99.097, F. S. (1976 Supp.), as amended by s. 10 of Ch. 77-175,supra, which provides procedures to be used by the supervisor of elections in verifying signatures on qualifying petitions. Section99.097(4) authorizes the supervisor to charge the candidate the sum of 10 cents for each signature checked, unless the candidate is qualifying pursuant to the alternative method, described in s.99.095(1), and has filed the oath provided therein.
As noted in question 1, a candidate for the office of Commissioner of the Lee County Mosquito Control District must qualify either in the manner provided in s. 99.061(2), F. S. 1977, or in the manner provided in s. 99.095, F. S. 1977. Clearly, such a candidate cannot qualify as an independent or minor party candidate (who must qualify by filing qualifying petitions; see ss. 99.096 and99.0955, F. S.) since the enabling legislation creating the district requires that the office of commissioner be nonpartisan. Therefore, there is no need to answer your question since the only candidate for such office who would qualify by means of the petitioning process would be a candidate qualifying by the alternative method provided in s. 99.095, as amended; and the supervisor is not authorized to charge such candidate for the costs of verifying the signatures.
AS TO QUESTION 3:
As noted in questions 1 and 2, the provisions of s. 99.097(4), F. S. 1977, authorizing the supervisor of elections to charge candidates a fee for verification of signatures on qualifying petitions would not, in fact, be applicable to candidates for the office of Commissioner of the Lee County Mosquito Control District. It is, therefore, not necessary to answer your third question.
Prepared by: Patricia R. Gleason, Assistant Attorney General